**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2103

ANTHONY SAVAGE,

             Plaintiff - Appellant,

      v.

WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES;
THERESA HAUGHT,

             Defendants - Appellees.

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling.  John Preston Bailey,
Chief District Judge. (5:10-cv-00126-JPB)

Submitted:  April 30, 2013          Decided:  June 6, 2013

Before WILKINSON, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul T. Tucker, GROVE & DELK, PLLC, Wheeling, West Virginia, for
Appellant.   David L. Wyant, Thomas E. Buck, Diane G. W.
Senakievich, BAILEY & WYANT, PLLC, Wheeling, West Virginia, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Savage, an African-American, filed a complaint in state court against his employer, the West Virginia Department of Health and Human Resources, and Theresa Haught (collectively, "Defendants") alleging (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (2006); (2) racial discrimination in violation of the West Virginia Human Rights Act, W. Va. Code § 5-11-1 et seq. (1979), and (3) retaliatory conduct in contravention of substantial public policies of the state of West Virginia. Defendants subsequently removed the action to federal court. Shortly thereafter, Savage abandoned his federal claims for race discrimination under Title VII and sought remand to the state court. The district court in its discretion denied Savage's motion to remand, exercised supplemental jurisdiction over the state claims, and ultimately granted Defendants' motion for summary judgment. On appeal, Savage argues the district court abused its discretion in denying his motion to remand to state court and erred in granting summary judgment to Defendants on his state law employment discrimination claims.[*] We affirm.

---

[*] Savage does not contest the district court's grant of summary judgment to Defendants on his disparate impact and retaliation claims.

2

Savage first claims that the district court erred in exercising supplemental jurisdiction over his state law claims after he abandoned his federal claims in his amended complaint. District courts have supplemental jurisdiction over state law claims that "form part of the same case or controversy" as the federal claim. 28 U.S.C. § 1367(a) (2006). Once the district court dismissed all the claims over which it had original jurisdiction, the district court had "wide latitude in determining whether or not to retain jurisdiction over [the] state claims." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995); see 28 U.S.C. § 1367(a), (c)(3) (2006). In exercising its discretion, the district court should consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Shanaghan, 58 F.3d at 110 (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Upon review, we conclude that the district court did not abuse its discretion in retaining supplemental jurisdiction over Savage's state law claims.

Savage next contends the district court erred in granting summary judgment to Defendants on his state law claim that he was denied a promotion on account of his race. We review a district court's grant of summary judgment de novo, viewing the facts and drawing reasonable inferences in the light

3

most favorable to the non-moving party. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To withstand a motion for summary judgment, the non-moving party must produce competent evidence to reveal the existence of a genuine issue of material fact for trial. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)).

Having reviewed the record and the parties' arguments on appeal, we conclude that the district court did not err in its determination that, even assuming Savage could make out a prima facie case of discrimination, Savage could not demonstrate that his employer's proffered non-discriminatory reasons for its promotion decision was pretextual. To the extent Savage argues that the interviewing panel deliberately violated mandatory

4

state law by refusing to consider performance evaluations, we conclude this argument is without merit.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5